UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA FAUST,<br><br>               Plaintiff,<br><br>   v.<br><br>JAY INSLEE, Governor of the State of Washington; CHRIS LIU, Director of Enterprise Services,<br><br>               Defendants. | CASE NO. C20-5356 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Rebecca Faust's ("Faust") motion for temporary restraining order ("TRO"). Dkt. 10. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On April 28, 2020, the Court granted Faust's motion to proceed *in forma pauperis* and accepted Faust's civil rights complaint against Defendants Jay Inslee, Governor of the State of Washington ("Governor Inslee") and Chris Liu, Director of Enterprise Services ("Liu") (collectively "Defendants"). Dkt. 3. Faust alleges that on April 6, 2020,

she submitted a permit request to the Department of Enterprise Services ("DES") to hold a rally on the State Capital grounds on May 1, 2020. *Id.* at 3. On April 7, 2020, a DES employee emailed Faust rejecting her permit request because DES has cancelled all permitted events to slow the spread of COVID-19 and to comply with Governor's Inslee's directives. Dkt. 3-6 at 1. Faust immediately appealed. Dkt. 3 at 5. On April 11, 2020, Liu denied Faust's appeal citing Governor Inslee's "Stay Home, Stay Healthy" proclamation, which banned all gatherings until at least May 4, 2020. Dkt. 3-9. Faust asserts that these actions violate her free speech rights and right to peacefully assemble. Dkt. 3 at 8. Faust seeks declaratory and injunctive relief and damages of $50,000 per year, pro-rated to the time her rights have been restricted. *Id.* at 7–8.

On May 5, 2020, Faust filed the instant motion for TRO seeking both specific and general relief. Dkt. 10. Generally, Faust seeks an injunction enjoining Defendants from (1) enforcing Governor Inslee's proclamations, including all extensions and permutations thereof; (2) prohibiting persons from leaving home, traveling, peacefully assembling, attending or hosting social events, and similar events; (3) restricting public transportation, which Faust relies upon to travel; and (4) prohibiting the closure of rental facilities. Dkt. 10-1, ¶ A–C. Specifically, Faust asserts that "[a] gathering of one, just isn't any fun" and requests that the Court enjoin Defendants to permit her to "hold a protest rally at the State Capital, outdoors, on June 8, 2020." *Id.* at 4. Faust concedes that "she has not submitted" a permit request for her intended rally. *Id.* at 5, ¶ 5.

1     On May 12, 2020, Defendants responded and opposed the motion on numerous

2 grounds, including standing, ripeness, and failure to exhaust administrative remedies.

3 Dkt. 20. On May 14, 2020, Faust replied

## II.  DISCUSSION

A party requesting preliminary relief "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

In this case, Defendants argue that the Court should deny Faust's motion because she lacks standing, her claims are not ripe, and she has failed to exhaust her administrative remedies. Dkt. 20 at 15–19. The Court agrees with Defendants on all three issues. First, Faust concedes that she has not filed an application for her intended June 8, 2020 rally at the State Capital. Without an actual denial of a permit application and appeal, Faust fails to establish any actual injury and violation of a constitutional right. Defendants concede that citizens may enjoy public lands as long as they maintain six feet between individuals outside the citizen's immediate household. If Faust's idea of recreating on public lands involves protesting at the State Capital, then it seems like she could as long as the land is open to the public and she follows the physical distancing requirements. However, unless and until Faust seeks a permit and Defendants provide her actual reasons why her permit is rejected, the Court has nothing to review.

Second, Faust generally challenges numerous aspects of Governor Inslee's proclamations. Faust's alleged harms, however, "amount to no more than a 'generalized

grievance' shared in substantially equal measure by . . . a large class of citizens, and thus do not warrant the exercise of jurisdiction." *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1131–32 (9th Cir. 1996) (internal quotations omitted).

Third, in this pre-enforcement action, Faust fails to "demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (citing *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)). Faust fails to establish a realistic threat of any criminal enforcement action as a result of her course of conduct. Faust only has "plans to reassemble." Dkt. 23 at 4. Such generic assertions do not meet the prerequisites for seeking redress. Therefore, the Court denies Faust's motion because she has failed to establish that she is likely to succeed on the merits of her claims or that she will suffer irreparable harm in the absence of preliminary relief.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Faust's motion for a TRO, Dkt. 10, is **DENIED**.

Dated this 20th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge