|  |  |
|---|---|
| UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA | |
| REBECCA FAUST,<br><br>          Plaintiff,<br>   v.<br><br>JAY INSLEE, Governor of the State of Washington; CHRIS LIU, Director of Enterprise Services,<br><br>          Defendants. | CASE NO. C20-5356 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, DEFENDANTS' MOTION TO DISMISS, AND PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants Jay Inslee ("Inslee") and Chris Liu's ("Liu") (collectively "Defendants") amended motion to dismiss, Dkt. 37, and Plaintiff Rebecca Faust's ("Faust") motion to amend, Dkt. 38.

On May 28, 2020, Faust filed an amended complaint against Defendants alleging that her constitutional rights have been violated by Inslee's emergency proclamations and Liu's denial of her application to hold peaceful protests at the state capital. Dkt. 28-1. On June 11, 2020, Defendants filed an amended motion to dismiss. Dkt. 37. On June 12, 2020, Faust filed a motion for leave to amend. Dkt. 38. On June 30, 2020, Defendants responded to Faust's motion, stated that they did not oppose the motion, and requested

that the Court consider Faust's amended complaint when addressing their motion to dismiss. Dkt. 39. Based on Defendants' concession, the Court **GRANTS** Faust's motion for leave to amend and will consider her proposed amended complaint, Dkt. 38-2, as the operative complaint.

On July 6, 2020, Faust responded to Defendants' motion to dismiss. Dkt. 41. On July 10, 2020, Defendants replied. Dkt. 45.

In this case, Defendants move to dismiss Faust's amended complaint for lack of jurisdiction and for failure to state a claim. Dkt. 37. The Court agrees with Defendants on both issues. First, the Court lacks jurisdiction to consider the claims against Inslee because he lacks the power to enforce any relevant portion of his proclamations. *See MacEwen v. Inslee*, C20-5423 BHS, 2020 WL 4261323 (W.D. Wash. July 24, 2020). The Court also lacks jurisdiction to consider claims for monetary relief against Liu because the Eleventh Amendment prohibits "'federal courts from hearing suits brought by private citizens against state governments without the state's consent.'" *Id.* at *1 (quoting *Sofamor Danek Grp., Inc. v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997)). Therefore, the Court grants Defendants' motion as to Faust's claims against Inslee and Faust's claims for monetary relief against Liu.

Second, it seems possible that Faust could maintain a claim for injunctive relief against Liu under *Ex parte Young*, 209 U.S. 123 (1908). Faust alleges that Liu has a direct connection to the denial of her permit to protest, which Faust alleges violates her First Amendment rights. The problem, however, is that the complaint fails to clearly articulate a claim for prospective relief. In other words, it is unclear whether Faust is

alleging injury based on purely past violations of her right to protest or whether she intends to apply for future protests.  Thus, the Court grants Defendants' motion on this claim because Faust fails to clearly state a claim upon which relief may be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.).

Finally, in the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Here, the Court is unable to conclude that any amendment would be futile.  Therefore, the Court grants Faust leave to file an amended complaint.

In sum, the Court **GRANTS** Faust's motion to amend, Dkt. 38, Defendants' motion to dismiss, Dkt. 37, and Faust leave to file an amended complaint.  Faust shall file an amended complaint no later than August 28, 2020.  Failure to timely file an amended complaint or otherwise respond will result in dismissal.

**IT IS SO ORDERED**.

Dated this 19th day of August, 2020.

BENJAMIN H. SETTLE
United States District Judge