UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA FAUST,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAY INSLEE, Governor of the State of Washington; CHRIS LIU, Director of Enterprise Services,<br><br>　　　　　　Defendants. | CASE NO. C20-5356 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR EXTENSION FOR TIME |

This matter comes before the Court on Defendants Jay Inslee ("Inslee") and Chris Liu's ("Liu") (collectively "Defendants") third motion to dismiss, Dkt. 49, and Plaintiff Rebecca Faust's ("Faust") motion for summary judgment, Dkt. 50, and motion for extension of deadline, Dkt. 51.

On May 28, 2020, Faust filed an amended complaint against Defendants alleging that her constitutional rights have been violated by Inslee's emergency proclamations and Liu's denial of her application to hold peaceful protests at the state capital. Dkt. 28-1. On June 11, 2020, Defendants filed an amended motion to dismiss. Dkt. 37. On August 19, 2020, the Court granted Defendants' motion and granted Faust leave to file an amended

ORDER - 1

complaint. Dkt. 46. On August 28, 2020, Faust submitted an additional pleading in response to the Court's order, which the Court will construe as her amended complaint. Dkt. 48.

On September 10, 2020, Defendants filed their third motion to dismiss. Dkt. 49. On September 28, 2020, Faust filed a motion for summary judgment, Dkt. 50, and a motion for extension of time, Dkt. 51. On October 2, 2020, Defendants responded to Faust's motion for extension of time. Dkt. 53.

Defendants oppose Faust's motion for extension of time, arguing that she has not complied with the Local Rules by filing her motion on the day that her response was due. *See* Dkt. 53 at 2. Defendants additionally argue that the "true, unforeseen emergency" procedure contemplated by Local Rule 7(j) allowing an extension should not apply because Faust has not pointed to the existence of an emergency. But Defendants do not object to the Court considering Faust's motion for summary judgment as a response to their motion to dismiss. Indeed, Faust requests that the Court consider her motion for summary judgment in the event that her motion for extension of time is denied. Dkt. 51. The Court will therefore construe Faust's motion for summary judgment as a response to Defendants' motion to dismiss and **DENIES** Faust's motion for extension of time as moot.

On October 2, 2020, Defendants replied to the motion to dismiss. Dkt. 54. On October 19, 2020, Defendants responded to Faust's motion for summary judgment. Dkt. 56. On October 22, 2020, Faust replied. Dkt. 57.

In its previous order, the Court indicated that it seems possible that Faust could maintain a claim for injunctive relief against Liu under *Ex parte Young*, 209 U.S. 123 (1908). *See* Dkt. 46. Faust's previous complaint against Liu failed because she did not clearly articulate a claim for prospective relief; it was unclear to the Court whether Faust was alleging injury based on purely past violations of her right to protest or whether she intends to apply for future protests. In her amended complaint, Faust does not state a concrete plan for future protests and rather states that she "will probably wait till [sic] after the General Election and then assess and make a decision(s) regarding holding the Rally For Rights at the State Capital." Dkt. 48 at 3.

However, on September 29, 2020, Faust filed a notice with the Court that she decided to hold a rally at the state capital prior to the General Election on November 3, 2020 and applied for a permit with the Department of Enterprise Services ("DES"). Dkt 52. On October 14, 2020, Faust filed a subsequent notice that her application had been denied by DES and that her appeal of that decision was denied by Liu. Dkt 55. Faust has not moved to amend her complaint in light of these new developments, and this evidence was not timely submitted with her motion for summary judgment.

Faust's current amended complaint therefore again fails as to an *Ex parte Young* claim against Liu because the amended complaint fails to clearly state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action.). The Court thus **GRANTS**

1 | Defendants' motion to dismiss, Dkt. 49, and **DENIES** Faust's motion for summary
2 | judgment, Dkt. 50.

3 | In the event the court finds that dismissal is warranted, the court should grant the
4 | plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v.*
5 | *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, because of the new factual
6 | developments that have not been incorporated into the complaint, the Court is unable to
7 | conclude that any amendment would be futile. The Court thus **GRANTS** Faust leave to
8 | file an amended complaint.

9 | In sum, the Court **DENIES** Faust's motion for summary judgment, Dkt. 50, and
10 | motion for extension of time, Dkt. 51, and **GRANTS** Defendants' motion to dismiss,
11 | Dkt. 49, and Faust leave to file an amended complaint. Faust shall file an amended
12 | complaint incorporating the new factual developments and allegations no later than
13 | November 6, 2020. Failure to timely file an amended complaint or otherwise respond will
14 | result in dismissal.

15 | **IT IS SO ORDERED.**

16 | Dated this 28th day of October, 2020.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge