UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REBECCA FAUST,

    Plaintiff,

  v.

JAY INSLEE, et al.,

    Defendants.

CASE NO. C20-5356 BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants Jay Inslee and Annette Meyer's motion to dismiss.[1] Dkt. 81. The Court has considered the briefings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

---

[1] Chris Liu, the Director of the Department of Enterprise Services ("DES") retired on June 1, 2021. Annette Meyer is serving as Acting Director of DES and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d). Further, while Defendants title their motion as one for summary judgment, they move to dismiss Faust's claims with prejudice pursuant to Rule 12(b)(1) and Rule 12(b)(6). *See* Dkt. 81 at 1. The Court thus construes Defendants' motion as a motion to dismiss.

## I. FACTUAL & PROCEDURAL BACKGROUND

On May 28, 2020, Faust filed an amended complaint against Defendants alleging that her constitutional rights have been violated by Inslee's emergency proclamations and the DES Director's denial of her application to hold peaceful protests at the state capital. Dkt. 28-1. On June 11, 2020, Defendants filed an amended motion to dismiss. Dkt. 37. On August 19, 2020, the Court granted Defendants' motion and granted Faust leave to file an amended complaint. Dkt. 46. On August 28, 2020, Faust submitted an additional pleading in response to the Court's order, which the Court construed as her amended complaint. Dkt. 48.

On September 10, 2020, Defendants filed their third motion to dismiss. Dkt. 49. On September 28, 2020, Faust filed a motion for summary judgment. Dkt. 50. On October 28, 2020, the Court granted Defendants' motion and denied Faust's motion, but granted Faust leave to file an amended complaint. Dkt. 58. Specifically, the Court stated "Faust shall file an amended complaint incorporating the new factual developments and allegations no later than November 6, 2020. Failure to timely file an amended complaint or otherwise respond will result in dismissal." *Id.* at 4.

Rather than file an amended complaint, on November 5, 2020, Faust filed a notice of appeal of the Court's October 28 Order. Dkt. 60. On January 26, 2021, the Ninth Circuit dismissed Faust's appeal due to a lack of jurisdiction as the October 28 Order was not final or appealable. Dkt. 63. The Ninth Circuit's judgment took effect on February 17, 2021. Dkt. 64.

On March 10, 2021, Defendants moved to dismiss pursuant to Rule 41(b) for failure to comply with the Court's October 28 Order. Dkt. 65. The Court denied the motion, concluding that Faust complied with the October 28 Order by "otherwise responding" through filing a notice of appeal by the November 6 deadline. Dkt. 68. The Court further ordered Faust to file an amended complaint, as there was no operative complaint as a result of her appeal. *Id.* at 3.

Faust timely filed a supplementary pleading, which the Court and Defendants construed as her amended complaint, on May 28, 2021, suing Defendants in both their individual and official capacities. Dkt. 69. She alleges that she seeks to hold a rally on July 4, 2021. *Id.* at 8. Defendants aver DES granted Faust's permit request and worked with her to assist in preparations for the event. Dkt. 81 at 5; Dkt. 82, ¶¶ 8–11. Defendants assert that Faust held her event without incident on July 4, 2021. Dkt. 81 at 85; Dkt. 82, ¶¶ 11–12. It is additionally of note that on June 30, 2021, Washington State reopened, and all sectors previously governed by Governor Inslee's emergency COVID-19 plans returned to usual capacity and operations.[2]

Faust also alleges in her complaint that she "intends to hold at least one rally on the State Capital grounds, pending permit, and may choose to seek permit(s) for additional event(s)." Dkt. 69 at 8. She does not specify any event other than the July 4,

---

[2] Wash. Off. of the Governor, *Washington Ready* 2, https://www.governor.wa.gov/sites/default/files/WashingtonReady.pdf; *see also* Wash. Off. of the Governor, *COVID-19 Reopening Guidance for Businesses and Workers*, https://www.governor.wa.gov/issues/issues/covid-19-resources/covid-19-reopening-guidance.

ORDER - 3

2021 rally that occurred successfully. She seeks an injunction, declaratory judgment, and monetary damages. *Id.* at 9–11.

On July 19, 2021, Defendants moved to dismiss Faust's claims with prejudice, arguing that her claims for injunctive relief are moot, that she lacks standing, and that Defendants are entitled to qualified immunity for the claims against them in their personal capacity. Dkt. 81. On August 9, 2021, Faust responded. Dkt. 84. On August 13, 2021, Defendants replied. Dkt. 85.

## II.   DISCUSSION

The case or controversy requirement of Article III demands dismissal when the issues presented are no longer "live" or the parties lack a cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). A case becomes moot when it "loses its character as a present, live controversy of the kind that must exist" in order to avoid "advisory opinions on abstract propositions of law." *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001) (internal quotation omitted). If the activity sought to be enjoined has already occurred and the court cannot undo what has already been done, the action is moot and must be dismissed for lack of jurisdiction. *See Bernhardt v. Cnty. of L.A.*, 279 F.3d 862, 871 (9th Cir. 2002).

The Court agrees with Defendants that this case is moot and must be dismissed with prejudice. As to Faust's claims and request for an injunction relating to the July 4, 2021 rally, Faust received a permit for the rally and successfully hosted the event. These claims are moot because Faust already received the relief she sought—to hold a rally at the State Capitol. Faust argues, however, that her case is not moot under the voluntary

cessation doctrine or the rule governing disputes that are capable of repetition yet avoiding review. Dkt. 84 at 2.

A private defendant's voluntary cessation of challenged conduct does not necessarily render a case moot because, if the case were dismissed as moot, the defendant would be free to resume the conduct. *See, e.g.*, *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *United States v. W. T. Grant Co.*, 345 U.S. 629, 632–33 (1953). However, courts treat the voluntary cessation of challenged conduct by government officials "with more solicitude . . . than similar action by private parties." *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010) (internal quotation omitted) ("[W]e presume the government is acting in good faith."). "For this reason, the repeal, amendment, or expiration of challenged legislation [or ordinances] is generally enough to render a case moot and appropriate for dismissal." *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (collecting cases).

The voluntary cessation doctrine is inapplicable here because no restrictions on outdoor events remain in place as of June 30, 2021. Faust fails to make any showing that the Governor is "reasonably expected to reenact" the restrictions on outdoor events.[3] *Glazing Health*, 941 F.3d at 1198; *see also Harborview Fellowship v. Inslee*, __ F. Supp. 3d __, 2021 WL 662390, at *5 (W.D. Wash. 2021).

---

[3] The Court notes that the Governor has amended an emergency order as of September 13, 2021 to require facial coverings for large outdoor events with 500 or more individuals regardless of vaccination status. *Washington Ready*, at 3. Faust did not challenge any similar provision, and this implementation has no bearing on the Court's analysis.

ORDER - 5

Faust's argument that this case is capable of repetition, yet evading review fails for similar reasons. This exception applies only in exceptional situations where "the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration" and "there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (alterations in original; internal quotation omitted). Faust has not shown a reasonable expectation that this controversy will recur given the statewide lifting of restrictions. Furthermore, she has not shown that the challenged action (which is no longer in effect) is too short in its duration to be fully litigated prior to cessation or expiration. Rather, the procedural history of this case shows the opposite and that Faust has been able to litigate her claims. This doctrine is inapplicable here.

The Court thus concludes that there is no active case or controversy—and therefore subject matter jurisdiction—over Faust's claims regarding the July 4, 2021 rally. *See Bernhardt*, 279 F.3d at 871. This claim is dismissed with prejudice as moot.

Faust also asserts that she may hold future events and seeks a general injunction that she "not be penalized, prosecuted, discriminated against, retaliated against, or otherwise ill-treated in any way for attending a rally, nor for attending private social gatherings, during the term of the Governor's proclamation(s)." Dkt. 69 at 10. This assertion is speculative and does not clearly articulate a claim for prospective relief. The Court has previously dismissed Faust's claims for failing to state concrete plans for future protests. *See* Dkts. 46, 58. Any possibility of future harm is speculative at best and cannot overcome mootness. *See Lund v. Cowan*, 5 F.4th 964, 968–69 (9th Cir. 2021) ("Simply

put, speculative suppositions, far-fetched fears, or remote possibilities of recurrence cannot overcome mootness."). This claim is dismissed with prejudice as moot.

Because there is no active case or controversy, the Court does not have subject matter jurisdiction over Faust's claims. The Court will therefore not address Defendants' alternative arguments that Faust lacks standing to bring her claims or that Defendants are entitled to qualified immunity. *See* Dkt. 81 at 8–11. Further, the Court has already held that it lacks jurisdiction to consider claims for monetary relief because the Eleventh Amendment prohibits "federal courts from hearing suits brought by private citizens against state governments without the state's consent." Dkt. 46 at 2 (quoting *MacEwen v. Inslee*, C20-5423 BHS, 2020 WL 4261323, at *1 (W.D. Wash. July 24, 2020) (internal quotation omitted)). In sum, the Court lacks jurisdiction over all of Faust's claims.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 81, is **GRANTED**.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 21st day of September, 2021.

                                            *[signature]*
BENJAMIN H. SETTLE
United States District Judge